ORAL ARGUMENT NOT YET SCHEDULED

No. 22-1081 and consolidated cases

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

STATE OF OHIO, *et al.*

*Petitioners,*

v.

ENVIRONMENTAL PROTECTION AGENCY, *et al.*

*Respondents.*

On Petition for Review of a Final Action of the
Environmental Protection Agency

**BRIEF FOR RESPONDENT-INVERVENOR
PUBLIC INTEREST ORGANIZATIONS**

Sean H. Donahue
Donahue & Goldberg, LLP
1008 Pennsylvania Avenue, SE
Washington, DC 20003
(202) 277-7085
sean@donahuegoldberg.com

*Attorney for Respondent-Intervenor
Environmental Defense Fund*

*Additional counsel listed in signature block*

March 20, 2023 (Final Brief)

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to Circuit Rule 28(a)(1) and Federal Rule of Appellate Procedure 26.1, the undersigned counsel certifies as follows:

### A. Parties

1. Except for the following, all parties, intervenors, and amici appearing in these consolidated cases are listed in the Briefs of Petitioners State of Ohio et al., and Respondent Environmental Protection Agency:

*Amici for Respondents*: David Dickinson Ackerly, Maximilian Auffhammer, Marshall Burke, Allen Goldstein, John Harte, Michael Mastrandrea, LeRoy Westerling, Senator Tom Carper, Representative Frank Pallone, Jr., American Thoracic Society, American Medical Association, American Association for Respiratory Care, American College of Occupational and Environmental Medicine, American College of Physicians, American College of Chest Physicians, National League for Nursing, American Public Health Association, American Academy of Pediatrics, Academic Pediatric Association, Todd Aagaard, William Boyd, Alejandro E. Camacho, Robin Craig, Robert Glicksman, Bruce Huber, Sanne Knudsen, David Owen, and Leah M. Litman.

2. The Respondent-Intervenor Public Interest Organizations joining this brief are Center for Biological Diversity, Clean Air Council, Conservation Law Foundation, Environmental Defense Fund, Environmental Law & Policy Center,

i

National Parks Conservation Association, Natural Resources Defense Council, Public Citizen, Sierra Club, and Union of Concerned Scientists. All are non-profit public interest organizations; none of them has any parent corporation; and no publicly held entity owns 10 percent or more in any of them.

### B. Ruling Under Review

The agency action under review is identified in the brief of Respondent Environmental Protection Agency.

### C. Related Cases

The case on review has never previously been before this Court or any other. There are no other related cases currently pending in this court or in any other court of which counsel is aware.

/s/ Sean H. Donahue
Sean H. Donahue
Donahue & Goldberg, LLP
1008 Pennsylvania Avenue SE
Washington, DC 20003
(202) 277-7085
sean@donahuegoldberg.com

# TABLE OF CONTENTS

Certificate as to Parties, Rulings, and Related Cases ................................................. i

Table of Contents ...................................................................................................... iii

Table of Authorities ...................................................................................................iv

Glossary....................................................................................................................... v

Statutes and Regulations ............................................................................................. 1

Summary of Argument................................................................................................ 1

Argument..................................................................................................................... 1

    Section 209(b) is Vital and Constitutional ........................................................... 1

Conclusion ..................................................................................................................4

Certificate of Compliance

Certificate of Service

# TABLE OF AUTHORITIES

Cases

*Motor & Equip. Mfrs. Ass'n v. EPA*, 627 F.2d 1095 (D.C. Cir. 1979) ................2,3

*New State Ice Co. v. Liebman*, 285 U.S. 262 (1932) ..................................................3

*Sec'y of Ag. v. Central Roig Ref. Co.*, 338 U.S. 604 (1950) .......................................3

Statutes

*Clean Air Act, Section 209(b), 42 U.S.C. § 7543(b)........................................1,2,3

*Inflation Reduction Act, Pub. L. No. 117-169, § 60105(g) (2022) ........................3

Legislative History

S. Rep. No. 90-403 (1967) ...........................................................................................3

https://www.govtrack.us/congress/votes/90-1967/s136 ...........................................3

https://www.govtrack.us/congress/votes/95-1977/s190 ............................................3

Other Authorities

Jenks et al., *California Transportation Policy Leadership* (2018).............................2

National Research Council, STATE AND FEDERAL STANDARDS FOR MOBILE-SOURCE EMISSIONS (National Academies Press 2006).......................2,3

*Authorities chiefly relied upon are marked with an asterisk.

# GLOSSARY

| | |
|---|---|
| EPA | United States Environmental Protection Agency |
| JA | Joint Appendix |
| Section 209(b) | Clean Air Act Section 209(b), 42 U.S.C. § 7543(b) |

Respondent-Intervenor Public Interest Organizations are dedicated to protection of public health and the environment for the millions of people across the Nation harmed by air pollution. We adopt the arguments in the briefs of respondent EPA, parts II-IV, and respondent-intervenors California et al., parts II-V, as well as EPA's statement of issues, the case, and the standard of review.

## STATUTES AND REGULATIONS

Pertinent statutes and regulations are in the addendum to EPA's brief.

## SUMMARY OF ARGUMENT

The Court should reject petitioners' perverse call to invalidate, in the name of state sovereignty, one of this country's most successful examples of cooperative federalism. Clean Air Act Section 209(b) has a 55-year track-record of success and congressional reaffirmation. It continues to save lives and drive innovation, and is well within Congress's power.

## ARGUMENT

**Section 209(b) is Vital and Constitutional**

Section 209(b) is a cornerstone of United States environmental law. Congress chose to retain California's "already excellent" motor vehicle emissions program not merely to address that State's chronic air quality problems but also to reap "*the benefits for the Nation* to be derived from permitting California to

1

continue its experiments in the field of emissions control." *Motor & Equip. Mfrs. Ass'n v. EPA*, 627 F.2d 1095, 1109-10 (D.C. Cir. 1979) (emphasis added).

Experience has repeatedly vindicated the wisdom of Congress's 1967 decision. *Most* of the Nation's key advances in motor-vehicle air-pollution control debuted in California, including the first leaded-gasoline phase-out requirements; the first emission standards for hydrocarbons, carbon monoxide, diesel particulates, and greenhouse gases; and essential pollution-control technologies like three-way catalytic converters, onboard diagnostic systems, fuel injection, zero-emission technologies, carbon canisters, exhaust gas recirculation, and oxidation catalysts.[1] "California has used its authority as Congress envisioned: to implement more aggressive measures than the rest of the country and to serve as a laboratory for technological innovation." NATIONAL ACADEMIES REPORT 4.

Section 209(b) embodies a careful "compromise" between preserving California's ability to drive health-protective innovation and avoiding the "economic disruption latent in … fifty-one separate sets of emissions control requirements." *Motor & Equip. Mfrs.*, 627 F.2d at 1109. The Constitution leaves it to Congress to decide how to regulate interstate commerce; Congress need not

---

[1] *See* Jenks et al., *California Transportation Policy Leadership* (2018) (JA 340-61); National Research Council, STATE AND FEDERAL STANDARDS FOR MOBILE-SOURCE EMISSIONS 94-95, Table 3-4 (National Academies Press 2006) ("NATIONAL ACADEMIES REPORT").

2

choose between uniform preemption of state law or none at all. *See Sec'y of Ag. v. Central Roig Ref. Co.*, 338 U.S. 604, 616 (1950) (Commerce Clause does not require "geographic uniformity," in contrast to Article I, § 8, clauses 1 and 4).

The Framers' design—particularly equal Senate representation—guards against "politically powerful states" (Ohio Br. 22) hijacking federal lawmaking. No such abuse marks Section 209(b). Californians, rather than the "general consumer of the nation," S. Rep. No. 90-403, at 33 (1967), assumed the risks of "increased costs," *id*., or regulatory failure, while making successful policy experiments available to the whole Nation. *Cf. New State Ice Co. v. Liebman*, 285 U.S. 262, 311 (1932) (Brandeis, J., dissenting). California's sibling states overwhelmingly favored this arrangement: The Senate voted 88-0 for the 1967 waiver provision, and 73-7 for its 1977 expansion.[2] Recent acts of Congress have specifically endorsed California's standards, including the Inflation Reduction Act, Pub. L. No. 117-169, § 60105(g) (2022), which explicitly directed EPA to support states' implementation of California's zero-emission-vehicle and greenhouse-gas standards. *See also* EPA Br. 74-77 (discussing 1990 and 2007 legislation relying on California zero-emission-vehicle and greenhouse-gas standards, respectively).

---

[2] *See* https://www.govtrack.us/congress/votes/90-1967/s136; https://www.govtrack.us/congress/votes/95-1977/s190.

## CONCLUSION

If it reaches the merits, the Court should deny the petitions.

Respectfully submitted,

/s/
_____
Sean H. Donahue
David T. Goldberg
Donahue & Goldberg, LLP
1008 Pennsylvania Avenue SE
Washington, DC 20003
(202) 277-7085
sean@donahuegoldberg.com
david@donahuegoldberg.com

Joanne Spalding
Andrea Issod
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5725
joanne.spalding@sierraclub.org
andrea.issod@sierraclub.org

Josh Berman
Sierra Club
50 F Street NW, 8th Floor
Washington, DC 20001
(202) 650-6062
josh.berman@sierraclub.org

Vera Pardee
726 Euclid Avenue
Berkeley, CA 94708
(858) 717-1448
pardeelaw@gmail.com

Paul Cort
Regina Hsu
Earthjustice
50 California Street, Suite 500
San Francisco, CA 94111
(415) 217-2000
pcort@earthjustice.org
rhsu@earthjustice.org

*Counsel for Sierra Club*

Vickie L. Patton
Peter Zalzal
Andrew P. Su
Eric M. Wriston
Environmental Defense Fund
2060 Broadway, Ste. 300
Boulder, CO 80302
(303) 447-7214
vpatton@edf.org
pzalzal@edf.org
asu@edf.org
ewriston@edf.org

*Counsel for Environmental Defense Fund*

Jessica Anne Morton
Sarah Goetz
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jmorton@democracyforward.org
sgoetz@democracyforward.org

*Counsel for Union of Concerned Scientists*

4

Ian Fein
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, CA 94104
(415) 875-6100
ifein@nrdc.org

David D. Doniger
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
(202) 289-6868
ddoniger@nrdc.org

*Counsel for Natural Resources Defense Council*

Emily K. Green
Conservation Law Foundation
53 Exchange Street, Suite 200
Portland, ME 04101
(207) 210-6439
egreen@clf.org

*Counsel for Conservation Law Foundation*

Robert Michaels
Environmental Law & Policy Center
35 East Wacker Drive, Suite 1600
Chicago, IL 60601
(312) 795-3713
rmichaels@elpc.org

*Counsel for Environmental Law & Policy Center*

Scott L. Nelson
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
snelson@citizen.org

*Counsel for Public Citizen, Inc.*

Scott Hochberg
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
(510) 844-7119
shochberg@biologicaldiversity.org

*Counsel for Center for Biological Diversity*

Jay Duffy
Ann Brewster Weeks
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
(802) 233-7967
jduffy@catf.us
aweeks@catf.us

*Counsel for Clean Air Council and National Parks Conservation Association*

5

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief contains 597 words and employs 14-point Times New Roman font.

/s/ Sean H. Donahue

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2023, I served the foregoing brief on all counsel of record via the Court's electronic case filing system.

/s/ Sean H. Donahue

DATED: March 20, 2023