<u>ORAL ARGUMENT NOT SCHEDULED</u>

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

STATE OF OHIO, et al.,

                        Petitioners,

    v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY and MICHAEL S.
REGAN, in his official capacity as
Administrator of the U.S. Environmental
Protection Agency

                        Respondents.

No. 22-1081

(and consolidated cases)

### STATE AND LOCAL GOVERNMENT RESPONDENT-INTERVENORS' OPPOSITION TO STATE PETITIONERS' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD

ROB BONTA
Attorney General of California
ROBERT W. BYRNE
EDWARD H. OCHOA
Senior Assistant Attorneys General
MYUNG J. PARK
GARY E. TAVETIAN
Supervising Deputy Attorneys
General

JESSICA BARCLAY-STROBEL
KRISTIN MCCARTHY
THEODORE A.B. MCCOMBS
M. ELAINE MECKENSTOCK
JONATHAN WIENER
CAITLAN MCLOON
Deputy Attorneys General
 300 S. Spring Street
 Ste. 1702
 Los Angeles, CA  90013
 Telephone: (213) 269-6438
 Fax: (213) 897-2802
 Email:  Caitlan.McLoon@doj.ca.gov
*Attorneys for State of California, by and through its Governor Gavin Newsom, its Attorney General Rob Bonta, and the California Air Resources Board*

(additional counsel on signature pages)

## INTRODUCTION

State and Local Government Respondent-Intervenors[1] oppose State Petitioners' motion for leave to supplement the record supporting their standing with an additional declaration filed with their reply brief. (ECF No. 1989429.) "[A] petitioner whose standing is not self-evident should establish its standing by the submission of its arguments and any affidavits or other evidence appurtenant thereto at the first appropriate point in the review proceeding," namely "with the petitioner's opening brief—and not … in reply to the brief of the respondent agency." *Sierra Club v. EPA*, 292 F.3d 895, 900 (D.C. Cir. 2002); Circuit Rule 28(a)(7). This Court only "allow[s] petitioners to support their standing . . . in affidavits submitted along with the reply brief," *Am. Library Assoc. v. FCC*, 401 F.3d 489, 494 (D.C. Cir. 2005), where "good cause" exists to excuse the delay, *Twin Rivers Paper Co. LLC v. SEC*, 934 F.3d 607, 614 (D.C. Cir. 2019) (cleaned up). This Court has found good cause exists when petitioner "reasonably thought it had established standing when it submitted its initial declarations"; the

---

[1] State and Local Government Respondent-Intervenors, as used herein, consist of the States of California, Colorado, Connecticut, Delaware, Hawaii, Illinois, Maine, Maryland, Minnesota, Nevada, New Jersey, New Mexico, New York, North Carolina, Oregon, Rhode Island, Vermont, and Washington; the Commonwealths of Massachusetts and Pennsylvania; the District of Columbia; and the cities of Los Angeles and New York.

"supplemental declarations did not raise an entirely new theory of standing"; standing was "patently obvious from the supplemental declarations"; and respondents "suffered no prejudice from the timing of the supplemental declarations' submission." *Nat'l Council for Adoption v. Blinken*, 4 F.4th 106, 112 (D.C. Cir. 2021) (cleaned up).  Petitioners have not established good cause for this late filing.

They assert that the supplemental declaration merely "adds specificity to declarations already submitted with the opening brief" and "definitively lock[s] in standing."  Mot. to Supplement 2-3.  But the supplemental declaration does no such thing.  Rather than filling the real gaps Respondents and Respondent-Intervenors identified in Petitioners' initial declarations, the supplemental declaration doubles down on abstract *theory* without providing a single specific fact or citation to economic literature. Indeed, it makes unsupported claims that are directly contradicted by the specific factual evidence already in the record.  This new declaration, thus, fails to demonstrate that Petitioners have standing, much less makes their standing patently obvious.  State and Local Government Respondent-Intervenors would also be prejudiced by the Court's consideration of the new claims and theories in the supplemental declaration, given the timing of its submission.

2

## ARGUMENT

**A.    State Petitioners Could Not Have Reasonably Believed their Original Declarations Established Standing, and the Supplemental Declaration Falls Far Short of Making their Standing Patently Obvious**

1.  Petitioners' supplemental declaration purports to further their theory that California's zero-emission-vehicle standards will cause them to pay higher prices for conventional vehicles, thus causing them economic injury. Ohio Br. 14-15.[2]  As EPA and State and Local Government Respondent-Intervenors pointed out in their answering briefs, the initial declarations that petitioners submitted contained no *facts* supporting this contention. California Br. at 9-13; EPA Br. 23-26.  In particular, Petitioners' declarations did not contain or reference any vehicle price data or any facts about how and when the prices Petitioners pay for state-fleet vehicles are determined.  California Br. 11; EPA Br. 23-26.  Vehicle pricing data was available to Petitioners and its declarants through public sources.  *E.g.*, California Add86, Add116.  And Petitioners unquestionably had information

---

[2] Respondents and State and Local Government Respondent-Intervenors addressed Petitioners' other standing theories—an alleged constitutional injury, as well as allegedly reduced fuel tax revenue and allegedly increased stress on roads and electrical grids—in their briefs.  EPA Br. 26-29; California Br. 9-10, 11 n.2.  These theories are not further addressed here because the supplemental declaration does not purport to assist them.

about when and how *they* negotiate the prices of vehicles they buy—
information that is of particular importance since this case involves
California standards that cease to require further changes from automakers
after model year 2025. California Br. 11-13. Indeed, because "vacating
California's waiver could not possibly affect the . . . price of automobiles
delivered" in the past, Petitioners were required to establish that their alleged
injuries will occur during the one to two remaining model years. *Chamber
of Com. v. EPA*, 642 F.3d 192, 204 (D.C. Cir. 2011).

   "A petitioner bears the burden of establishing each of [the three]
elements" for standing—injury-in-fact, causation, and redressability.
*Chamber of Com.*, 642 F.3d at 200. "[A]ny petitioner alleging only future
injuries"—as Petitioners must here—"confronts a significantly more
rigorous burden to establish standing." *Id.* (cleaned up). Petitioners'
supplemental declaration is improper because they cannot have "*reasonably*
thought" their original submission had established that their States will pay
higher prices for conventional vehicles. *Nat'l Council for Adoption*, 4 F.4th
at 12 (emphasis added). Petitioners provided no pricing data of any kind and
no information indicating whether their States have already locked in prices
for the relevant model years—even though that data and information was
readily available to the Petitioners.

4

Nor is this a case where the supplemental declaration would render standing "patently obvious." *Communities Against Runway Expansion, Inc. v. FAA*, 355 F.3d 678, 685 (D.C. Cir. 2004). The supplemental declaration *still* contains no vehicle price data and no information about when and how the prices Petitioners will pay for state-fleet vehicles are determined. It, thus, provides no additional specificity about, or even any support for, the claim that their States might face price increases in the relevant years.

2. Petitioners' supplemental declaration also fails to cure the problems stemming from the three faulty assumptions in their initial submissions: (1) that zero-emission-vehicle sales in California are unprofitable, (2) that automakers will respond by increasing the price of conventional vehicles in California, and (3) that vehicle prices are uniform nationwide. *See* California Br. 11. Each of these three assumptions would need to be correct for Petitioners' alleged pricing injury to occur. Their initial declarations did not support any of these assumptions, and the supplemental declaration does not do so either.

As State and Local Government Respondent-Intervenors showed, publicly available vehicle data—omitted from Petitioners' initial declarations—debunks the first assumption. Zero-emission-vehicle sales are rapidly increasing (even beyond the requirements in California) and are

generating profits in California and elsewhere.  California Add87-91.

Petitioners' motion does not explain why their initial, counterfactual

assumption was reasonable, and the supplemental declaration does not

provide any additional support for that assumption.  Instead, the declarant

doubles down on the fact-less assertion that zero-emission vehicles "do not

satisfy consumer preferences at competitive prices."  Supp. Zycher Decl. at

¶ 8.[3]  Petitioners' failure to support this theory with *any* facts at the

beginning was unreasonable, and their supplementation remains deficient.

As to Petitioners' second assumption—that manufacturers will raise

conventional vehicle prices in response to allegedly unprofitable zero-

emission-vehicle sales—Respondent-Intervenors showed that this was an

unreasonable assumption that is contravened by the peer-reviewed economic

literature.  California Add117-18.  The supplemental declaration responds

not with facts (or other economic literature), but with additional

counterfactual assumptions.  *Compare* Supp. Zycher Decl. ¶ 11 (claiming

---

[3] In their reply brief, Petitioners attempt to respond to Respondent-
Intervenors' showing, arguing that manufacturers would willingly accept
losses on zero-emission-vehicle sales while allowing dealers to make sizable
profits on those same vehicles.  Ohio Reply 5.  That argument makes little
economic or logical sense, but, regardless, Petitioners do not cite the
supplemental declaration for their argument, underscoring that this
declaration adds nothing on this central pillar of Petitioners' standing theory.

"auto producers . . . have not been willing to invest in a shift from [conventional vehicles] to [zero-emission vehicles]") *with* Industry Respondent-Intervenors Br. 12 ("[M]akers of internal combustion vehicles have invested billions in electric vehicles, and some industry respondent-intervenors were founded solely to produce electric vehicles"). In addition, the supplemental declaration expands the definition of a "cross-subsidy" to include manufacturers taking a short-run loss on zero-emission vehicles. Supp. Zycher Decl. ¶ 9. Whether or not that expanded definition is correct as a matter of economic theory, the fact that manufacturers may take short-run losses on zero-emission vehicles, *without raising conventional vehicle prices*, undercuts Petitioners' standing.

Finally, Petitioners' opening brief adduced no facts to support the third assumption—that vehicle prices must be the same nationwide—but instead claimed it was supported by basic economic theory. Ohio Add43-44. As State and Local Government Respondent-Intervenors demonstrated, that assumption is controverted by both economic theory and actual vehicle prices. California Add110-16. Indeed, publicly available vehicle pricing data shows significant geographic variances. *Id.* at 91-96. Petitioners cannot reasonably have believed that their initial showing established standing. And, again, the supplemental declaration does not correct the

7

deficiencies of Petitioners' initial showing, much less establish standing beyond any doubt.

Instead, Petitioners attempt to challenge the significance of the geographic variation in vehicle prices, claiming that these numbers "do not control for 'applicable taxes or other fees,'" which could "easily explain the dollar disparities." Supp. Zycher Decl. ¶¶ 14-15. In keeping with Petitioners' general approach, this is entirely unsubstantiated: the supplemental declaration does not provide actual facts—such as tax rates or fees in the localities in question—that could support this contention. In any event, Petitioners' unsubstantiated assertion was already disproved by the opposing declaration to which it claims to be responding. Respondent-Intervenors' declarant explained that while "[t]he pricing data . . . does not include any applicable taxes or other fees, or other state or local government charges," in fact, "many of the vehicle prices provided . . . are higher in California than in States with lower state sales tax rates, meaning the total price differences . . . are probably understated." California Add093-094. Thus, far from adding specificity to their standing theory, Petitioners' supplemental declaration fails to grapple with the specific facts in the record.

**B.    State Respondent-Intervenors Would Be Prejudiced by Acceptance of Petitioners' Late Submission**

Petitioners' motion should also be denied on the basis of prejudice because it contains new assumptions and claims to which Respondents and Respondent-Intervenors have no opportunity to respond.  *Nat'l Council for Adoption*, 4 F.4th at 112-13.  Petitioners attempt to salvage their economic injury claim by introducing new assumptions—i.e., that demand for conventional vehicles responds to price alone, or that a technological "breakthrough" or "substantial decline in input costs" is "highly unlikely"—that are not only abstract and unsupported, but incorrect.  *E.g.*, Supp. Zycher Decl. ¶¶ 4, 5.  Petitioners' declarant also appears to have changed his definition of one of his central concepts (cross-subsidization), as discussed above.  Finally, the declarant appears to agree that vehicle prices in Petitioners' States can, and probably will, be lower than prices in States that have adopted California's zero-emission-vehicle standards but then, to save Petitioners' standing theory, claims that auto dealers in Petitioners' States will willingly raise prices and eliminate their competitive advantage.  Supp. Zycher Decl. ¶ 16.

State and Local Government Respondent-Intervenors submitted two declarations, totaling more than thirty pages, in response to Petitioners'

9

initial declarations. Had the additional assumptions and claims presented in the supplemental declaration been included in Petitioners' initial submission, State and Local Government Respondent-Intervenors would have been able to address those claims substantively, including by presentation of additional data regarding technological advancements and falling technology costs. The inability to do so now constitutes prejudice that should result in denial of Petitioners' motion, particularly since the supplemental declaration falls far short of rendering Petitioners' standing "irrefutable." *Cf. Communities Against Runway Expansion*, 355 F.3d at 685 (respondent "was not prejudiced by its inability to respond to the supplemental declaration" where declaration made standing "irrefutable").

## CONCLUSION

For the foregoing reasons, Petitioners' motion should be denied, the supplemental declaration of Benjamin Zycher attached thereto should be excluded, and the Court should strike any references to that supplemental declaration from Petitioners' reply brief.

Dated:  March 20, 2023          Respectfully submitted,

ROB BONTA
Attorney General of California
ROBERT W. BYRNE
EDWARD H. OCHOA
Senior Assistant Attorneys General
MYUNG J. PARK
GARY E. TAVETIAN
Supervising Deputy Attorneys General
JESSICA BARCLAY-STROBEL
KRISTIN MCCARTHY
THEODORE A.B. MCCOMBS
M. ELAINE MECKENSTOCK
JONATHAN WIENER
Deputy Attorneys General


*/s/ Caitlan McLoon*
CAITLAN MCLOON
Deputy Attorney General
 300 S. Spring Street
 Ste. 1702
 Los Angeles, CA  90013
 Telephone: (213) 269-6438
 Fax: (213) 897-2802
 Email:  Caitlan.McLoon@doj.ca.gov
*Attorneys for State of California, by and*
*through its Governor Gavin Newsom, its*
*Attorney General Rob Bonta, and the*
*California Air Resources Board*

11

FOR THE STATE OF COLORADO

PHILIP J. WEISER
Attorney General

*/s/ Scott Steinbrecher*
SCOTT STEINBRECHER
Acting Deputy Attorney General
DAVID A. BECKSTROM
Assistant Attorney General
Natural Resources and Environment
Section
Ralph C. Carr Colorado Judicial
Center
1300 Broadway, Seventh Floor
Denver, Colorado 80203
Telephone: (720) 508-6287
scott.steinbrecher@coag.gov

FOR THE STATE OF
CONNECTICUT

WILLIAM TONG
Attorney General
MATTHEW I. LEVINE
Deputy Associate Attorney General

*/s/ Scott N. Koschwitz*
SCOTT N. KOSCHWITZ
Assistant Attorney General
165 Capitol Avenue
Hartford, CT 06106
Telephone: (860) 808-5250
Fax: (860) 808-5386
Scott.Koschwitz@ct.gov

FOR THE STATE OF DELAWARE

KATHLEEN JENNINGS
Attorney General

*/s/ Christian Douglas Wright*
CHRISTIAN DOUGLAS WRIGHT
Director of Impact Litigation
RALPH K. DURSTEIN III
JAMESON A.L. TWEEDIE
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
Telephone: (302) 683-8899
Christian.Wright@delaware.gov
Ralph.Durstein@delaware.gov
Jameson.Tweedie@delaware.gov

FOR THE STATE OF HAWAII

ANNE E. LOPEZ
Attorney General

*/s/ Lyle T. Leonard*
LYLE T. LEONARD
Deputy Attorney General
465 S. King Street, #200
Honolulu, Hawaii 96813
Telephone: (808) 587-3050
Lyle.T.Leonard@hawaii.gov

13

FOR THE STATE OF ILLINOIS

KWAME RAOUL
Attorney General
MATTHEW J. DUNN
Chief, Environmental Enforcement/
Asbestos Litigation Division

*/s/ Elizabeth Dubats*
ELIZABETH DUBATS
JASON E. JAMES
Assistant Attorneys General
Office of the Attorney General
69 W. Washington St., 18th Floor
Chicago, IL 60602
Telephone: (312) 814-3000
Elizabeth.Dubats@ilag.gov

FOR THE STATE OF MAINE

AARON M. FREY
Attorney General

*/s/ Emma Akrawi*
EMMA AKRAWI
Assistant Attorney General
6 State House Station
Augusta, ME 04333
Telephone: (207) 626-8800
Emma.Akrawi@maine.gov

14

FOR THE STATE OF MARYLAND

ANTHONY G. BROWN
Attorney General

*/s/ Cynthia M. Weisz*
CYNTHIA M. WEISZ
Assistant Attorney General
Office of the Attorney General
Maryland Department of the
Environment
1800 Washington Blvd.
Baltimore, MD 21230
Telephone: (410) 537-3014
Cynthia.Weisz2@maryland.gov

JOSHUA M. SEGAL
Special Assistant Attorney General
Office of the Attorney General
200 St. Paul Place
Baltimore, MD  21202
Telephone: (410) 576-6446
JSegal@oag.state.md.us

FOR THE STATE OF MINNESOTA

KEITH ELLISON
Attorney General

*/s/ Peter Surdo*
PETER N. SURDO
Special Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2127
Telephone: (651) 757-1061
Peter.Surdo@ag.state.mn.us

FOR THE STATE OF NEVADA

AARON D. FORD
Attorney General

*/s/ Heidi Parry Stern*
HEIDI PARRY STERN
Solicitor General
DANIEL P. NUBEL
Senior Deputy Attorney General
Office of the Nevada Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
HStern@ag.nv.gov

FOR THE STATE OF NEW
JERSEY

MATTHEW J. PLATKIN
Attorney General

*/s/ Lisa J. Morelli*
LISA J. MORELLI
RACHEL MANNING
NELL HRYSHKO
Deputy Attorneys General
New Jersey Division of Law
25 Market Street
Trenton, New Jersey 08625
Tel: (609) 376-2745
Lisa.Morelli@law.njoag.gov

FOR THE STATE OF NEW MEXICO

RAÚL TORREZ
Attorney General

*/s/ Bill Grantham*
BILL GRANTHAM
Assistant Attorney General
Attorney General of New Mexico
408 Galisteo St.
Villagra Bldg.
Sante Fe, NM 87501
Tel: (505) 717-3520
wgrantham@nmag.gov

FOR THE STATE OF NEW YORK

LETITIA JAMES
Attorney General
JUDITH N. VALE
Deputy Solicitor General
ELIZABETH A. BRODY
Assistant Solicitor General
YUEH-RU CHU
Chief, Affirmative Litigation Section
Environmental Protection Bureau

*/s/ Gavin G. McCabe*
GAVIN G. MCCABE
ASHLEY M. GREGOR
Assistant Attorneys General
28 Liberty Street, 19th Floor
New York, NY 10005
Telephone: (212) 416-8469
Gavin.McCabe@ag.ny.gov

16

FOR THE STATE OF NORTH CAROLINA

JOSHUA H. STEIN
Attorney General
DANIEL S. HIRSCHMAN
Senior Deputy Attorney General

*/s/ Asher P. Spiller*
ASHER P. SPILLER
Special Deputy Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
Telephone: (919) 716-6400
ASpiller@ncdoj.gov

FOR THE STATE OF RHODE ISLAND

PETER F. NERONHA
Attorney General

*/s/ Nicholas M. Vaz*
NICHOLAS M. VAZ
Special Assistant Attorney General
Office of the Attorney General
Environmental and Energy Unit
150 South Main Street
Providence, Rhode Island 02903
Telephone: (401) 274-4400 ext. 2297
NVaz@riag.ri.gov

FOR THE STATE OF OREGON

ELLEN F. ROSENBLUM
Attorney General

*/s/ Paul Garrahan*
PAUL GARRAHAN
Attorney-in-Charge
STEVE NOVICK
Special Assistant Attorney General
Natural Resources Section
Oregon Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096
(503) 947-4540
Paul.Garrahan@doj.state.or.us
Steve.Novick@doj.state.or.us

FOR THE STATE OF VERMONT

CHARITY R. CLARK
Attorney General

*/s/ Nicholas F. Persampieri*
NICHOLAS F. PERSAMPIERI
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609
Telephone: (802) 828-3171
Nick.Persampieri@vermont.gov

FOR THE STATE OF
WASHINGTON

ROBERT W. FERGUSON
Attorney General

*/s/ Christopher H. Reitz*
CHRISTOPHER H. REITZ
Assistant Attorney General
Office of the Attorney General
P.O. Box 40117
Olympia, WA 98504
Telephone: (360) 586-4614
Chris.Reitz@atg.wa.gov

FOR THE COMMONWEALTH
OF MASSACHUSETTS

ANDREA JOY CAMPBELL
Attorney General
SETH SCHOFIELD
Senior Appellate Counsel

*/s/ Matthew Ireland*
MATTHEW IRELAND
Assistant Attorney General
Office of the Attorney General
Energy and Environment Bureau
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 727-2200
Matthew.Ireland@mass.gov

FOR THE COMMONWEALTH OF
PENNSYLVANIA

MICHELLE HENRY
Acting Attorney General
JILL GRAZIANO
Chief Deputy Attorney General

*/s/ Ann R. Johnston*
ANN R. JOHNSTON
Senior Deputy Attorney General
Office of Attorney General
Strawberry Square
14th Floor
Harrisburg, PA 17120
Telephone: (717) 497-3678
AJohnston@attorneygeneral.gov

FOR THE CITY OF LOS ANGELES

HYDEE FELDSTEIN SOTO
City Attorney

*/s/ Michael J. Bostrom*
MICHAEL J. BOSTROM
Senior Assistant City Attorney
200 N. Main Street, 6th Floor
Los Angeles, CA 90012
Telephone: (213) 978-1867
Fax: (213) 978-2286
Michael.Bostrom@lacity.org

FOR THE DISTRICT OF
COLUMBIA

BRIAN L. SCHWALB
Attorney General

*/s/ Caroline S. Van Zile*
CAROLINE S. VAN ZILE
Solicitor General
Office of the Attorney General for the
District of Columbia
400 6th Street, NW, Suite 8100
Washington, D.C. 20001
Telephone: (202) 724-6609
Fax: (202) 741-0649
Caroline.VanZile@dc.gov

FOR THE CITY OF NEW YORK

HON. SYLVIA O. HINDS-RADIX
New York City Corporation Counsel
ALICE R. BAKER
Senior Counsel

*/s/ Christopher G. King*
CHRISTOPHER G. KING
Senior Counsel
New York City Law Department
100 Church Street
New York, NY 10007
Telephone: (212) 356-2074
cking@law.nyc.gov

19

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing opposition complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,961 words.  I further certify that this motion complies with the typeface requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared using a proportionally spaced typeface (Times New Roman) in 14-point font.

Dated:      March 20, 2023

*/s/ Caitlan McLoon*
Caitlan McLoon
*Attorney for State of California, by and through its Governor Gavin Newsom, its Attorney General Rob Bonta, and the California Air Resources Board*

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2023 I electronically filed the foregoing opposition with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the Court's CM/ECF system.

I further certify that all parties are participating in the Court's CM/ECF system and will be served electronically by that system.


Dated:    March 20, 2023

*/s/ Caitlan McLoon*
Caitlan McLoon
*Attorney for State of California, by and*
*through its Governor Gavin Newsom,*
*its Attorney General Rob Bonta, and*
*the California Air Resources Board*
